UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

INSIGHT FS,
a division of GROWMARK, Inc.,
a Delaware corporation
1705 Towanda Drive
Bloomington, IL 61702-2500,　　　　　　　　Case No. _____

　　　　　　Plaintiff,

v.

LENA FAST STOP, LLC
412 E Main Street
Lena, WI 54139,

THOMAS SCHAAL
9880 Schaal Road
Gillett, WI 54124,

　　　　　　Defendants.

## COMPLAINT

Plaintiff, Insight FS, a division of GROWMARK, Inc., by its attorneys, Stroud, Willink & Howard, LLC, as and for its causes of action against the above-named Defendants, respectfully alleges and shows the Court as follows:

### PRELIMINARY STATEMENT

1.　　From 2008 to 2024, Lena Fast Stop, LLC ("Lena") and Thomas Schaal ("Schaal") (collectively "Defendants") resold various petroleum products of GROWMARK, Inc. ("GROWMARK") pursuant to a Fast Stop Branded Resellers Agreement, which allowed Lena and Schaal to use GROWMARK's FAST STOP and FS trademarks in connection with their sale of

petroleum products at their fueling station in Lena, Wisconsin. Over the course of the Agreement, Lena and Schaal purchased GROWMARK's products on credit pursuant to a Security Agreement, amassing a significant unpaid balance. In January 2024, Lena and Schaal stopped purchasing GROWMARK's products. Thereafter, Lena and Schaal stopped making payments on their unpaid balances owed, which remain unpaid at the date hereof. Although Lena and Schaal no longer sell GROWMARK's petroleum products, Lena and Schaal continue to use GROWMARK's FAST STOP and FS trademarks in connection with the sale of petroleum products at their Lena fueling station.

2. GROWMARK now brings this action for infringement of GROWMARK's federally registered trademarks, FAST STOP and FS, under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a); for false designation of origin under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); for false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); for dilution by tarnishment of a famous trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and for related claims for breach of contract and replevin under the state and common laws of the State of Wisconsin, all of which arise out of the Fast Stop Branded Resellers Agreement and Security Agreement between GROWMARK and Defendants.

3. GROWMARK seeks injunctive relief to prevent further Lanham Act violations by Defendants pursuant to 15 U.S.C. § 1116(a), monetary relief for Lanham Act violations pursuant to 15 U.S.C. § 1117(a), an order requiring Defendants to destroy any items in their possession bearing GROWMARK's registered trademarks pursuant to 15 U.S.C. § 1118, a monetary judgment pursuant to the agreements between GROWMARK and Defendants, and a judgment of replevin against Defendants.

## PARTIES

4. Insight FS, a division of GROWMARK, Inc., is a Delaware corporation with its principal place of business located at 1705 Towanda Drive, Bloomington, Illinois.

5. Upon information and belief, Lena Fast Stop, LLC, is a Wisconsin limited liability company whose principal office is located at 412 E. Main Street, Lena, Wisconsin, and whose registered agent is Thomas Schaal.

6. Upon information and belief, Thomas Schaal is a Wisconsin resident who resides at 9880 Schaal Road, Gillett, Wisconsin.

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over the Lanham Act claims under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1121(a), without regard to the amount in controversy or diversity of citizenship.

8. The Court has supplemental jurisdiction over the Wisconsin state law claims under 28 U.S.C. § 1367, because these claims are so related to the Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper under 28 U.S.C. § 1391 because defendants reside in this district and a substantial part of the events giving rise to the claim occurred and are occurring here.

## FACTS

10. GROWMARK repeats, realleges, and incorporates the allegations of paragraphs 1 through 9, above, as if set forth in full herein.

11. GROWMARK is the owner of the federally-registered trademarks "FAST STOP" for "retail store services featuring convenience store items and gasoline" (U.S. Reg. No. 2,390,967)

and "FS" for "petroleum fuels—namely gasolines, tractor fuels, diesel fuels, kerosene, and furnace and stove fuel oils" (U.S. Reg. No. 636,120) (collectively, the "Registered Trademarks").

12. Both Registered Trademarks have obtained incontestable status pursuant to 15 U.S.C. § 1065.

13. GROWMARK. licenses the Registered Trademarks for use by retail fueling stations in connection with the resale of GROWMARK petroleum products.

14. On November 14, 2008, Lena, Schaal, and GROWMARK entered into a Fast Stop Branded Resellers Agreement pursuant to which GROWMARK supplied Lena and Schaal and Lena and Schaal resold petroleum products under GROWMARK FAST STOP brand.

15. On August 31, 2011, Lena, Schaal, and Servco FS, a division of GROWMARK, entered into a Security Agreement, pursuant to which GROWMARK made available to Lena and Schaal a line of credit of up to $600,000.00 to enable Lena and Schaal to purchase petroleum products from GROWMARK on credit. A true and correct copy of the Security Agreement is attached hereto as Exhibit A and incorporated herein by reference.

16. Pursuant to the terms of the Security Agreement, repayment of the Security Agreement is secured by:

> ACCOUNTS AND DOCUMENTS OF TITLE: Including, but not limited to, all accounts receivable, notes, drafts, acceptances, milk contract rights, and all other forms of obligations or receivables ("ACCOUNTS") and all bills of lading, dock warrants and receipts, warehouse receipts, and any other document which evidences that the person in possession of it is entitled to receive, hold, and dispose of the document and the goods it covers (DOCUMENTS").
>
> BUSINESS PRODUCTS: All business products, including but not limited to, all petroleum products, such as diesel fuel, gasoline, fuel oils, biodiesel, lubricants, kerosene and other supplies or products used or produced in business operations ("BUSINESS PRODUCTS").

> EQUIPMENT: All business equipment including but not limited to, all machinery, vehicles, bulk plants, pumps, tanks, and tools ("EQUIPMENT").

(Security Agreement, ¶2) (the "Collateral").

17. Insight perfected its security interest in the Collateral by filing financing statements with the Wisconsin Department of Financial Institutions, from time to time. A true and correct copy of the most recent financing statement filed with the Wisconsin Department of Financial Institutions is attached hereto as Exhibit B and incorporated herein by reference.

18. Over time, Lena and Schaal purchased significant volumes of petroleum products on credit from GROWMARK.

19. Lena and Schaal amassed a significant unpaid balance on the line of credit.

20. Lena and Insight entered into a series of agreements pursuant to which Lena agreed to pay down the significant unpaid balance and was permitted to continue purchasing additional petroleum products on its line of credit, thereby accruing an additional unpaid balance on the line of credit.

21. In January 2024, Lena and Schaal stopped making payments of the old unpaid balance.

22. Lena and Schaal eventually stopped making payments of the new unpaid balance.

23. As of January 2024, Lena and Schaal no longer purchased petroleum products from GROWMARK and the Fast Stop Branded Resellers Agreement was terminated.

24. On April 30, 2025, GROWMARK sent demand letters to Lena and Schaal advising Lena and Schaal of the outstanding unpaid balance on its line of credit and demanding payment of the unpaid balance. A true and correct copy of GROWMARK's demand letters are attached hereto as Exhibits C and D and incorporated herein by reference.

5

25. As of the date hereof, Lena and Schaal have failed and refused to pay the unpaid balance on the line of credit.

26. On June 10, 2025 and October 3, 2025, GROWMARK sent cease-and-desist letters reminding Lena and Schaal that the Fast Stop Branded Resellers Agreement had been terminated, and demanding that Lena and Schaal cease using the Registered Trademarks, remove the Registered Trademarks and all GROWMARK signs, and to obliterate the Registered Trademarks from their facility (including all signage, canopies, buildings, and any other thing bearing the Registered Trademarks). True and correct copies of GROWMARK's cease-and-desist letters are attached hereto as Exhibits E and F and incorporated herein by reference.

27. The letters also requested Lena to remove "Fast Stop" from the company name to avoid confusion among the public.

28. The letters asked Lena and Schaal to give their assurances that these demands had been complied with, and to provide photographic evidence of the obliterated Registered Trademarks.

29. As of the filing of this complaint, upon information and belief, Lena and Schaal have not responded to the letters or complied with any of the demands. True and correct copies of photographs taken of the Lena fueling station prominently displaying the Registered Trademarks on their road signs, canopy, and building are attached hereto as Exhibits G and H.

## COUNT 1 – INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK (15 U.S.C. § 1114(1)(a))

30. GROWMARK repeats, realleges, and incorporates the allegations of paragraphs 1 through 29, above, as if set forth in full herein.

31. Section 32(1)(a) of the Lanham Act provides a civil cause of action for infringement of a federally-registered trademark against "[a]ny person who shall, without the consent of the registrant . . . use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a).

32. GROWMARK is the valid owner of the Registered Trademarks, both of which have obtained incontestable status pursuant to 15 U.S.C. § 1065.

33. Despite termination of the Fast Stop Branded Resellers Agreement in January 2024, upon information and belief, Lena and Schaal continue to operate the Lena fueling station bearing the Registered Trademarks, without GROWMARK's consent. Lena and Schaal use the Registered Trademarks in commerce, in connection with the sale and advertising of their convenience store and petroleum products, including on their street signage, canopies, and buildings even though they no longer resell GROWMARK's products.

34. Lena and Schaal's continued unauthorized use of the Registered Trademarks is likely to cause confusion, mistake, and deception among consumers as to the source of Lena and Schaal's goods. Consumers are likely to believe that Lena and Schaal are selling GROWMARK's petroleum products, even though Lena and Schaal are no longer doing so.

35. Consumers are likely to form a mistaken belief that Lena and Schaal's continued use of the mark is authorized and licensed by GROWMARK, and that there is a continued connection and affiliation between Lena and Schaal and GROWMARK. If no action is taken, Lena and Schaal will continue using the marks, and improperly profit off GROWMARK's good will among consumers.

36. Since the marks used by Lena and Schaal are identical to the Registered Trademarks, even informed and sophisticated consumers will be confused as to the origin of Lena and Schaal's petroleum products.

37. GROWMARK asks the Court, pursuant to 15 U.S.C. § 1116, to permanently enjoin Lena and Schaal's future use of the Registered Trademarks, to prevent continued violations of GROWMARK's exclusive right to control these marks, including a provision directing the Defendants to file with the court and serve on GROWMARK, within 30 days after service of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction.

38. GROWMARK asks the Court to award monetary damages pursuant to 15 U.S.C. § 1117(a), including disgorgement of any profits made by Lena and Schaal as a result of their continued use of the marks, actual damages, lost profits, the costs of bringing this action, and reasonable attorneys' fees.

39. GROWMARK asks the Court to order that any "labels, sign, prints, packages, . . . advertisements," or any other item in Lena and Schaal's possession bearing the Registered Trademarks "be delivered up and destroyed" pursuant to 15 U.S.C. § 1118.

**COUNT 2 – FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))**

40. GROWMARK repeats, realleges, and incorporates the allegations of paragraphs 1 through 39, above, as if set forth in full herein.

41. Section 43(a)(1)(A) of the Lanham Act provides that "[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely

to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(A).

42. Despite termination of the Fast Stop Branded Resellers Agreement in January 2024, upon information and belief, Lena and Schaal continue to use the Registered Trademarks in commerce by operating the Lena fueling station bearing the Registered Trademarks, and by using the Registered Trademarks in connection with the sale of various petroleum products.

43. By continuing to use the Registered Trademarks, Lena and Schaal are falsely designating the origin of their goods and misrepresenting their goods as those of GROWMARK.

44. Consumers are likely to be confused and deceived as to the origin of Lena and Schaal's products, and misled into believing that Lena and Schaal are still selling GROWMARK's products.

45. GROWMARK is likely to be damaged by Lena and Schaal's representation of their goods as those of GROWMARK, as customers will associate any inferior products now sold by Lena and Schaal with GROWMARK.

46. GROWMARK asks the Court to permanently enjoin Lena and Schaal's further use of the Registered Trademarks pursuant to 15 U.S.C. § 1116(a), including a provision directing the Defendants to file with the Court and serve on GROWMARK, within 30 days after service of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction.

47. GROWMARK asks the Court to award monetary damages pursuant to 15 U.S.C. § 1117(a), including disgorgement of any profits made by Lena and Schaal as a result of their continued use of the marks, actual damages, lost profits, the costs of bringing this action, and reasonable attorneys' fees.

48. GROWMARK asks the Court to order that any "labels, sign, prints, packages, . . . advertisements," or any other item in Lena and Schaal's possession bearing the Registered Trademarks "be delivered up and destroyed" pursuant to 15 U.S.C. § 1118.

## COUNT 3 – FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B))

49. GROWMARK repeats, realleges, and incorporates the allegations of paragraphs 1 through 48, above, as if set forth in full herein.

50. Section 43(a)(1)(B) of the Lanham Act provides that "[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(B).

51. Despite termination of the Fast Stop Branded Resellers Agreement in January 2024, upon information and belief, Lena and Schaal continue to use the Registered Trademarks in commerce by operating a fueling station bearing the Registered Trademarks, and by using the Registered Trademarks in connection with the sale of various petroleum products.

10

52. By continuing to use the Registered Trademarks on signs and other commercial advertisements, Lena and Schaal are engaging in false and misleading advertising by misrepresenting their goods as those of GROWMARK.

53. The false advertisements have been sufficiently disseminated because Lena and Schaal use the Registered Trademarks on roadside signs, canopies, and their building, meaning that hundreds of customers see them on a daily basis.

54. GROWMARK is likely to be damaged by Lena and Schaal's false advertising, as these misrepresentations will lead consumers to believe that Lena and Schaal are still selling GROWMARK's goods and could influence consumer purchasing decisions.

55. GROWMARK asks the Court to permanently enjoin Lena and Schaal's further use of the Registered Trademarks in any commercial advertising pursuant to 15 U.S.C. § 1116(a), including a provision directing the Defendants to file with the Court and serve on GROWMARK, within 30 days after service of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction.

56. GROWMARK asks the Court to award monetary damages pursuant to 15 U.S.C. § 1117(a), including disgorgement of any profits made by Lena and Schaal because of their false and misleading advertising, actual damages, lost profits, the costs of bringing this action, and reasonable attorneys' fees.

57. GROWMARK asks the Court, pursuant to 15 U.S.C. § 1118, to order that any signs or other commercial advertisements of Lena and Schaal bearing the Registered Trademarks "be delivered up and destroyed."

## COUNT 4 – DILUTION OF A FAMOUS MARK THROUGH TARNISHMENT (15 U.S.C. § 1125(c))

58. GROWMARK repeats, realleges, and incorporates the allegations of paragraphs 1 through 57, above, as if set forth in full herein.

59. Section 43(c)(1) of the Lanham Act provides that "[s]ubject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury." 15 U.S.C. § 1125(c)(1).

60. The Registered Trademarks are famous marks because they are widely recognized as a designation of GROWMARK's petroleum and other goods. There are more than 220 Fast Stop-branded fueling stations across the Midwest.

61. The Registered Trademarks are inherently distinctive, and consumers associate the marks with GROWMARK's petroleum and other products.

62. Despite termination of the Fast Stop Branded Resellers Agreement in January 2024, upon information and belief, Lena and Schaal continue to use the Registered Trademarks in commerce by operating a fueling station bearing the Registered Trademarks, and by using the Registered Trademarks in connection with the sale of various petroleum products.

63. Lena and Schaal are diluting, by tarnishment, the Registered Trademarks by associating the marks with inferior products that are not purchased from GROWMARK. Such

association harms the reputation of the Registered Trademarks as representative of high-quality petroleum products.

64. GROWMARK asks the Court to enjoin Lena and Schaal from further dilution by tarnishment pursuant to 15 U.S.C. §§ 1116(a) & 1125(c), including a provision directing the Defendants to file with the Court and serve on GROWMARK, within 30 days after service of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction.

65. GROWMARK asks the Court to award monetary damages, including disgorgement of any profits made by Lena and Schaal as a result of their dilution by tarnishment, actual damages, lost profits, the costs of bringing this action, and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1117(a) & 1125(c)(5). Lena and Schaal first used the Registered Trademarks after the enactment of the Trademark Dilution Revision Act of 2006, and Lena and Schaal are willfully intending to harm the reputation of the Registered Trademarks.

66. Pursuant to 15 U.S.C. §§ 1118 & 1125(c)(5), GROWMARK asks the Court to order that any "labels, sign, prints, packages, . . . advertisements," or any other item in Lena and Schaal's possession bearing the Registered Trademarks that has the effect of diluting said marks "be delivered up and destroyed."

## COUNT 5 – MONEY JUDGMENT ON SECURITY AGREEMENT

67. GROWMARK repeats, realleges, and incorporates the allegations of paragraphs 1 through 66, above, as if set forth in full herein.

68. GROWMARK is the present lawful owner and holder of the Security Agreement.

69. There are no pending proceedings at law or otherwise for the recovery of the sum evidenced by the Security Agreement except the present action, and no part thereof has been paid or collected except as credited to the debt.

70. As of October 24, 2025, there was due and owing on the Security Agreement the outstanding principal balance of $637,653.29, together with interest, costs and attorneys' fees. The amount owed to GROWMARK continues to earn interest.

**COUNT 6 – REPLEVIN**

71. GROWMARK repeats, realleges, and incorporates the allegations of paragraphs 1 through 70, above, as if set forth in full herein.

72. Pursuant to the terms of the Security Agreement, Lena and Schaal have granted GROWMARK a security interest in all of the Collateral.

73. GROWMARK duly recorded its financing statement perfecting its security interest in the Collateral pledged by Lena with the Wisconsin Department of Financial Institutions.

74. Lena and Schaal are in default of their obligations to GROWMARK under the Security Agreement.

75. GROWMARK is entitled to be placed in possession of the Collateral.

WHEREFORE, GROWMARK demands (1) a preliminary and permanent injunction prohibiting Defendants from using GROWMARK's Registered Trademarks in any form, including a provision directing the Defendants to file with the Court and serve on GROWMARK, within 30 days after service of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a); (2) a monetary award, including disgorgement of any profits made by Defendants as a result of their Lanham Act violations, actual damages, lost profits, the costs of

bringing this action, and reasonable attorneys' fees, to be adjudged and determined, pursuant to 15 U.S.C. § 1117(a); (3) an order requiring that all labels, signs, prints, advertisements, or any other item in Defendants' possession be destroyed, pursuant to 15 U.S.C. § 1118; (4) a money judgment jointly and severally against Lena and Schaal in the amount of $637,653.239, plus costs, disbursements and reasonable attorneys' fees, as permitted by the Security Agreement, be adjudged and determined; (5) a judgment of replevin placing GROWMARK in possession of the Collateral owned by Lena and Schaal; and (6) for such other and further order, judgment or relief as is provided by law and as may be just and equitable.

Dated this 4th day of November, 2025.

STROUD, WILLINK & HOWARD, LLC

By:    /s/ Norman D. Farnam
Norman D. Farnam
State Bar No. 1034732
Attorney for Plaintiff, Insight FS, a division of GROWMARK, INC.
33 East Main Street, Suite 610
P. O. Box 2236
Madison, WI 53701-2236
Telephone: (608) 257-2281
e-mail: nfarnam@stroudlaw.com